IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Allen P. Wood, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C/A NO.  4:07-147-RBH |
| | ) | |
| vs. | ) | |
| | ) | |
| Moseley Architects, P.C., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant removed this action from state court on January 16, 2007 on the basis of diversity of citizenship.  The Complaint alleges a single claim based on state contract law. The defendant filed [4] Motion to Dismiss on January 16, 2007 pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7). The plaintiff filed a Memorandum in opposition to the Motion on January 31, 2007, and the defendant filed a Reply on February 6, 2007.  The matter is now ripe for disposition.[1]

The Complaint alleges that the plaintiff (Wood) was at one time a principal in an architectural firm known as Wilkins, Wood, Mace Associates, Ltd.  It further alleges that in 2002 Wilkins, Wood, Mace merged with another architectural firm, Moseley, Harris, McClintock, P.C., to form the defendant, Moseley Architects, P.C.  Wood became a partner in the new firm and has since retired.  The Complaint further avers that in November of 2002, the defendant requested that Wood and other former partners of Wilkins, Wood, Mace advance to the defendant the remaining

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

net revenue which the parties anticipated would be "derived from accounts receivable as of the time of the merger." ¶8. Paragraph 8 of the Complaint further provides: "Moseley calculated Wood's share of the remaining receivables to be $145,959.82. Wood paid that full amount to Moseley, with the agreement between Wood and Moseley that any collections of the outstanding accounts receivable would be reimbursed to Wood." Finally, the Complaint states that in 2006 the defendant received the sum of $139,000 from the Saluda School District which constituted part of the accounts receivable. The Complaint alleges that the plaintiff and the other partners are entitled to reimbursement for the amount received. The other partners are not parties to the lawsuit. The Prayer for Relief requests judgment "in an amount to be determined and calculated by the Court", in addition to prejudgment interest.

### 1. Failure to State a Claim

Defendant moves to dismiss the action on the basis of Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 980 F.2d at 952 (internal quotations omitted). The court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.*

The defendant argues in its motion that the complaint fails to state a claim on the basis that it contends the Complaint is clear that the plaintiff (and the other partners) are not entitled to

2

reimbursement for accounts receivable until defendant has received payment for **all** of the unpaid accounts receivable.  Plaintiff, on the other hand, argues that the Complaint nowhere alleges that reimbursement would be delayed until payment had been received on all past-due accounts. The Court finds that the Complaint sufficiently sets forth a claim for relief and that the position of the defendant is more appropriately alleged as a defense to the lawsuit.

### 2. **Failure to Join Parties**

Defendant also asserts that the case should be dismissed pursuant to Rule 12(b)(7) on the basis that the other Wilkins, Wood, Mace principals have not been joined as parties.

Federal Rule of Civil Procedure 12(b)(7) provides that courts may dismiss suits where plaintiffs fail to join indispensable parties.  In order to determine whether an action should be dismissed on this basis, it is necessary to refer to Fed. R. Civ. P. 19.  Rule 19 sets forth a two-step process for determining whether a party should be joined.  "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a).  If the court determines that the party is 'necessary', it must then determine whether the party is 'indispensable' to the action under Rule 19(b)."  *National Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 249 (4th Cir. 2000).

"Dismissal of a case is a drastic remedy, however, which should be employed only sparingly.  When an action will affect the interests of a party not before the court the ultimate question is this: Were the case to proceed, could a decree be crafted in a way that protects the interests of the missing party and that still provides adequate relief to a successful litigant? (internal citations omitted) Although framed by the multi-factor tests of Rule 19(a) and (b), ' a decision whether to dismiss must be made pragmatically, in the context of the substance of each case, rather

3

than by procedural formula." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999), citing *Provident Tradesmens Bank & Trust Co.*, 390 U.S. 102, 119 (1968). *See also*, WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE AND PROCEDURE § 1613 (2001) ("Revised Rule 19 does give the court the flexibility to allow an action to go forward without a joint obligee when no prejudice would result either to the parties or the absentee and effective relief can be granted.")

Rule 19(a) provides:

**(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should be joined as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. . ."

Rule 19(b) provides that if a necessary party cannot be joined, "the court shall decide whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." The Rule provides certain factors for consideration by the court: "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence

4

will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Defendant contends that the other Wilkins, Wood, Mace principals are joint obligees of the alleged obligation to pay over accounts receivable and are therefore indispensable parties. Defendant also asserts that paying the plaintiff on a judgment for the full amount claimed "would subject Defendant to liability to the other principals." On the other hand, Plaintiff asserts that any obligation which the defendant may have to other principals of the former firm is separate and distinct from its obligation to the plaintiff. Alternatively, plaintiff contends that if the court determines the other principals to be necessary, then the court should order them to be brought into the action rather than dismiss the case. Plaintiff indicates in his memorandum that defendant's Motion to Dismiss for failure to name indispensable parties "appears to be directed toward the inclusion of Mr. Daniel R. Mace. Mr. Mace was a principal of Wilkins, Wood, Mace Associates, Ltd. and a party to the merger agreement between the two architectural firms." (Plaintiff's Memorandum, p. 2)[2]

Analyzing the case under the two-step process, the Court will first seek to determine whether the other principals of the plaintiff's prior firm are necessary parties under Rule 19(a). It is not clear from the Complaint whether the plaintiff is seeking to recover the full amount on behalf of all partners or just his share. However, it appears that, regardless of the plaintiff's intent in his pleading, disposition of the matter without joining the other principals of Wilkins, Wood, Mace could impair their ability to protect their interests and that the defendant could be subjected to

---

[2] Plaintiff indicates that Mace is a citizen and resident of North Carolina.

5

double or inconsistent obligations.  Therefore, the Court finds that the other principals of Wilkins, Wood, Mace are necessary parties to the action and no showing has been made that they cannot be joined.

The motion to dismiss is accordingly denied and the plaintiff is ordered to join the other principals of Wilkins, Wood, Mace as parties within thirty days.  The plaintiff is also ordered on *sua sponte* order of the Court to file a statement clarifying if he is seeking the full amount owed to the former principals or just his share of the accounts receivable.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

August 21, 2007
Florence, South Carolina

6